IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARY ELLEN CAMPOS | ) | |
| | ) | |
| Plaintiff, | ) | No. 24 C 382 |
| | ) | |
| v. | ) | Judge Robert W. Gettleman |
| | ) | |
| NEW ALBERTSONS L.P. D/B/A, | ) | |
| JEWEL-OSCO, JEWEL FOOD STORES, INC., | ) | |
| ROLLING FRITO-LAY SALES, LP | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiff brings this six-count amended complaint against New Albertsons L.P. D/B/A Jewel Osco, Jewel Food Stores Inc. ("Jewel"), and Rolling Frito-Lay Sales LP ("Frito-Lay"). Relevant here are Count V, which alleges negligence against Frito-Lay, and Count VI, which alleges negligent supervision and training against Frito-Lay. Frito-Lay moves for summary judgement on the counts against it. For the reasons discussed below, the court denies Frito-Lay's motion for summary judgement. (Doc. 67).

**BACKGROUND**

Plaintiff Mary Ellen Campos tripped and fell on a pallet guard after entering a Jewel-Osco grocery store. She allegedly suffered serious injuries, including multiple fractures and injuries to her nervous system. This is a case about whose fault that is.

On December 29, 2023, at approximately 11:38 a.m., plaintiff entered the west entrance of the Jewel-Osco grocery store located at 30 Danada Square West, Wheaton, Illinois. Upon entering the west entrance of the Jewel, customers are faced with aisles that run between rows of

1

shelves containing grocery products. At the ends of some of the rows of shelves are product displays, familiar to anyone who shops in American grocery stores, oriented perpendicular to the aisles. These are known in the grocery industry as "end caps."

The end caps at the Jewel consisted of boxes of product stacked atop pallets and a "pallet guard," a rectangular black plastic frame on the floor that surrounds the pallets. The pallet guards used at the Jewel are approximately one foot tall and are modifiable, meaning that their perimeter can be adjusted depending on the size of the end cap. On December 29, 2023, at the Jewel, one such end cap was situated at the end of the row directly in front of the west entrance. The pallet guard was set up to fit two pallets side-by-side. At 11:38 a.m., the right half of the end cap was empty, while the left half was stacked a few feet high with product.

The right half of the end cap was empty because early that morning, a Frito-Lay employee was instructed by Jewel to remove the pallet of Tostitos (a Frito-Lay product) that were then occupying the right half of the display. As directed, the Frito-Lay employee did so at approximately 7:05 a.m. To remove the product, the Frito-Lay employee disconnected the panel at the short end of the rectangular pallet guard, removed the Tostitos using a pallet jack, and put the pallet guard panel back in its place. The entire operation took approximately three minutes. From that point until plaintiff's fall at 11:38 a.m., the right half of the pallet guard remained empty. In that time, multiple Jewel employees walked by the half-empty end cap.

## LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden, and the court must view all facts in the light most favorable

to the nonmovant and draw all reasonable inferences in their favor.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  But the nonmovant must do more than raise "some metaphysical doubt as to the material facts."  Id. at 586.  Rather, the nonmovant "must present affirmative evidence in order to defeat a properly supported motion for summary judgment."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## DISCUSSION

Under Illinois law, the elements of a negligence cause of action are: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) an injury proximately caused by the breach.  Johnson v. Armstrong, 211 N.E. 3d 355, 371 (Ill. 2022).

Defendant moves for summary judgement on Counts V and VI of the amended complaint.  Count V alleges that Frito-Lay negligently created the dangerous condition that caused plaintiff's fall.  Count VI alleges that Frito-Lay negligently supervised and trained its employees, thus causing its employee to negligently create the dangerous condition.

Frito-Lay argues that it owed no duty to the plaintiff.  Frito-Lay is correct that "where there is no duty, there is no liability."  Bucheleres v. Chicago Park District, 665 N.E.2d 826, 832 (Ill. 1996).

According to Frito-Lay, since the pallet guards are the property of Jewel, the duty to plaintiff was owed by Jewel and not Frito-Lay, because "Jewel, which controlled the store, did not consider [an empty pallet guard] a hazard."  As to the negligent supervision and training count, Frito-Lay argues that it has no duty to train its employees regarding the pallet guards owned by Jewel.

Plaintiff argues that Frito-Lay owed a duty to plaintiff that is independent of the duty owed by Jewel. Plaintiff maintains that Frito-Lay created the dangerous condition that injured plaintiff. Plaintiff argues that regardless of whether Jewel negligently failed to remedy the condition that Frito-Lay created, Frito-Lay breached its duty of reasonable care in executing its work.

Plaintiff further argues that summary judgement is not appropriate because there are material facts in dispute. The crucial fact in dispute, according to plaintiff, is whether removing the empty pallet guard was the responsibility of Jewel, Frito-Lay, or shared between the two.

Plaintiff is correct that Frito-Lay could still owe a duty to plaintiff even if Jewel, the possessor of the premises, also owed a duty to plaintiff. "It is firmly established in Illinois that a party that creates a dangerous condition will not be relieved of liability because that party does not own or possess the premises upon which the dangerous condition exists." Corcoran v. Village of Libertyville, 383 N.E.2d 177, 179 (Ill. 1978). The Restatement (Second) of Torts § 383, which has been adopted by Illinois courts, explains that "[o]ne who does an act or carries on an activity upon land on behalf of the possessor is subject to the same liability, and enjoys the same freedom from liability, for physical harm caused thereby to others upon and outside of the land as though he were the possessor of the land." See e.g., Studer v. Illinois Scale Company, 192 N.E. 3d 774, 780 (Ill. App. 3d 2021); Jones v. Live Nation Entertainment, Inc., 63 N.E. 3d 959, 971 (Ill. App. 1st 2016). Therefore, even if Jewel had a duty to plaintiff as the possessor of the premises where she was injured, Frito-Lay could owe a duty to plaintiff independently.

Frito-Lay's argument has a second angle: Frito-Lay did not "control" the black pallet guard owned by Jewel and thus it could not have and did not create the dangerous condition.

Frito-Lay contends that it did not create the dangerous condition because the black pallet guard, which was owned by Jewel, was left in the exact place the Frito-Lay employee found it. In support of this argument, defendant offers this quote: "It is not [the agent's] contract with the principal which exposes him to, or protects him from, liability to third persons, but his common-law obligation to so use that which he controls as not to injure another." Schur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 766 (7th Cir. 2009) (quoting Baird v. Shipman, 23 N.E. 384 (Ill. 1890)).

This passage is entirely consistent with the proposition that Frito-Lay could owe a duty to plaintiff regardless of Jewel's ownership of the pallet guard. In fact, the opinion that the original quotation is from continues to explain that "[i]f the agent once actually undertakes and enters upon the execution of a particular work, it is his duty to use reasonable care in the manner of executing it, so as not to cause any injury to third persons which may be the natural consequence of his acts." Baird v. Shipman, 23 N.E. at 384-85.

Frito-Lay's argument misconstrues the nature of the alleged dangerous condition. The dangerous condition alleged is not the pallet guard generally but an empty pallet guard. Or, as Frito-Lay put it: "The fact is that there would be a hole in the black pallet guard once one pallet was removed and another one was not immediately put in its place." It is a pallet guard with a "hole" in it and not a pallet guard generally that is the alleged dangerous condition. It is undisputed that a Frito-Lay employee removed a pallet of Tostitos from the end cap, leaving an empty pallet guard with a "hole" in it. It is also undisputed that the Frito-Lay employee was authorized to do so. Thus, Frito-Lay's invocation of control is beside the point. Frito-Lay had enough control of the pallet guard to create the allegedly dangerous condition, and thus Frito-Lay had enough control to be obliged to use reasonable care in its work.

On a motion for summary judgment, the movant bears the burden to show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Here, the movant, Frito-Lay, has failed to show that it is entitled to judgment as a matter of law. As discussed above, Frito-Lay's arguments that, (1) it did not owe a duty to plaintiff because Jewel owed a duty to plaintiff and (2) it did not owe a duty to plaintiff because Frito-Lay lacked sufficient control to create the alleged dangerous condition, are incorrect as a matter of law.

Plaintiff is correct that a genuine factual dispute exists as to whether Jewel or Frito-Lay or both are responsible for removing empty pallet guards. Both parties agree that there is no written agreement that assigns such a responsibility. The record reflects a conflict between deponents' accounts of who is responsible for removing pallet guards.[1] Even if these facts were undisputed in Frito-Lay's favor, Frito-Lay has not shown why it would be entitled to judgement as a matter of law that it owed no duty to plaintiff, which is the only basis upon which Frito-Lay seeks summary judgment. In briefing, Frito-Lay has not demonstrated a connection between these facts and the four-factor test that guides the duty analysis of Illinois courts. See Bruns v. City of Centralia, 21 N.E. 3d 684, 689 (Ill. 2014) (explaining that "[f]our factors guide our duty analysis: (1) the reasonable foreseeability of the injury, (2) the likelihood of the injury, (3) the magnitude of the burden of guarding against the injury, and (4) the consequences of placing that burden on the defendant.").

---

[1] Tom Koch, a receiver for Jewel, maintains that it is the vendor's—in this case Frito-Lay's—responsibility to remove pallet guards. Mike Kalemis, a merchandiser for Frito-Lay, understands it to be Jewel's responsibility to move or modify pallet guards.

To be clear, the court is not deciding at this stage whether Frito-Lay owed a duty to plaintiff. That inquiry, according to Illinois law, requires an analysis that the court need not undertake here. See Bruns v. City of Centralia, 21 N.E. 3d 684, 689. The court merely concludes that Frito-Lay, as the movant, has not shown that the undisputed facts entitle it to judgment as a matter of law that it owed no duty to plaintiff. Consequently, the court denies Frito-Lay's motion for summary judgment.

## CONCLUSION

For the above reasons, Rolling Frito-Lay Sales LP's motion for summary judgment (Doc. 67) is denied.

ENTER:

Robert W. Gettleman
United States District Judge

DATE: February 2, 2025